LANDRIEU, J.,
DISSENTS WITH REASONS.
h The record before us establishes that on September 19, 2016, Judge Bernadette D’Souza conducted a status conference in chambers in this contentious custody matter that has been before her for several years. Her law clerk participated in the conference. After the conference, counsel for Mr. Dussouy learned that the law clerk had, by the time of the status conference, accepted a job to work for the law firm representing Ms. Dussouy in the custody matter. Neither the law clerk, members of the law firm, nor Judge D’Souza disclosed this fact to Mr. Dussouy or his counsel on the day of the conference or at any time thereafter. Counsel for Mr. Dussouy learned of the employment later and filed the motion to recuse that is before us for review.
While we find no actual bias or prejudice on the part of Judge D’Souza and have no evidence to suggest that the failure to disclose was intentional, we cannot say that Judge Woods, assigned to hear the recusal motion, abused her discretion in finding that, under the circumstances presented here, Judge D’Souza’s “impartiality might reasonably be questioned.” See Canon 3(C) of the Code of Judicial Conduct, and Folse v. Tmnsocean Offshore USA, Inc., 04-1069 (La.5/7/04), 872 So.2d 467.[1]
LOBRANO, J., CONCURS IN THE RESULTS OF THE MAJORITY OPINION.

. In briefs, it is represented that the law firm employing the law clerk withdrew as counsel for Ms. Dussouy and suggests that this cures the need for recusal. Pretermitting whether we can consider the withdrawal as it occurred after the judgment granting recusal, we find that the withdrawal does not render the issue moot as it is the litigants' confidence in the court that is at issue here.